IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKE, INC.,

        Plaintiff,                       No. CIV S-06-2828 GEB DAD

    v.

B & B CLOTHING COMPANY, et al.,    FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        This matter came before the court on May 18, 2007, for hearing on plaintiff's motion for entry of default judgment against defendants B & B Clothing Company and Calvin Powell a/k/a Kelvin Powell. J. Andrew Coombs and Annie S. Wang appeared telephonically on behalf of plaintiff. There was no appearance by or on behalf of defendants.

        Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the reasons set forth below, the undersigned recommends that plaintiff's motion for entry of default judgment be granted.

PROCEDURAL BACKGROUND

        Plaintiff Nike, Inc. initiated this action for damages and injunctive relief by filing a complaint on December 13, 2006, alleging trademark infringement, unfair competition, and dilution of famous mark in violation of the Lanham Act and alleging unfair competition and

1

dilution under California law.  Despite being served with process, defendants B & B Clothing Company and Calvin Powell failed to appear.  The Clerk of the Court has entered default against the defendants pursuant to plaintiff's request.  On April 13, 2007, plaintiff filed the instant motion, noticing it to be heard before the undersigned pursuant to Local Rule 72-302(c)(19).  Despite being served with all moving papers, defendants have not responded to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

The complaint in this case alleges trademark infringement, unfair competition, and dilution of famous mark under the Lanham Act, as well as unfair competition and dilution under California law.[1]  The detailed allegations of the complaint allege that defendants B & B Clothing Company and Calvin Powell have manufactured, purchased, distributed, offered for sale, and/or sold counterfeit or infringing footwear bearing Nike trademarks to the general public in Sacramento, California.  Plaintiff is in the business of manufacturing, designing, and selling footwear, apparel, and related accessories bearing the NIKE trademark, the trademark known as the Swoosh Design, or a composite trademark consisting of the word NIKE and the Swoosh Design.  Plaintiff has footwear registrations for word marks incorporating the word "air," including AIR JORDAN, AIR MAX, and AIR TRAINER, as well as the "Jump Man device," consisting of the silhouette of a man jumping in mid-air.

Plaintiff seeks an award of $100,000.00 against the defendants, as well as permanent injunctive relief.  The award of $100,000.00 is permitted by the Lanham Act and is within the amount requested in the prayer for relief in plaintiff's complaint.

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendants B & B Clothing Company and Calvin Powell is appropriate.  These defendants have made no showing that their failure to respond to the complaint was due to excusable neglect.  The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the recovery of lost profits or actual damages.  There is no reason to doubt the

---

[1] Specifically, the complaint asserts claims for trademark infringement under 15 U.S.C. §§ 1114 and 1125 for infringement of registered and unregistered marks; unfair competition under 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce; dilution of famous mark under 15 U.S.C. § 1125(c) by trading on Nike's reputation and causing dilution of the distinctive quality of the marks; unfair competition in violation of the California Unfair Business Practices Act, California Business and Professional Code § 17200, et seq.; and dilution in violation of the trademark laws of California, California Business and Professional Code § 14330.

merits of plaintiff's substantive claim, nor is there any apparent possibility of a dispute concerning the material facts underlying the action. As these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered.

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. As indicated above, plaintiff seeks an award of $100,000.00 against the defendants. The Lanham Act provides for the election of statutory damages in a counterfeiting case in an amount "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. 1117(c)(1).

The plain language of 15 U.S.C. 1117(c) "affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). See also Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124-25 (S.D.N.Y. 2003) ("The statute 'does not provide guidelines for courts to use in determining an appropriate award' and is only limited by what 'the court considers just.'") (citation omitted). Some courts have found guidance in this regard in the case law for an analogous provision of the Copyright Act, 17 U.S.C. § 504(c). See Tiffany, 282 F. Supp. 2d at 125; Louis Vuitton, 211 F. Supp. 2d at 583; Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

Under the Copyright Act, courts consider factors such as:

(1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

Tiffany, 282 F. Supp. 2d at 125 (quoting Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F.2d

4

1110, 1117 (2d Cir. 1986)).  See also Microsoft Corp. v. PC Express, 183 F. Supp. 2d 448, 454 (D.P.R. 2001) (listing same factors).

Applying the relevant factors, the undersigned finds that no evidence submitted in connection with the instant motion addresses the expenses saved and profits reaped by defendants or the revenues lost by plaintiff.  However, such calculations are difficult, if not impossible, in light of defendants' failure to respond to plaintiff's complaint or the instant motion.  As one court has recognized, "[t]he statutory damages provision was added in 1995 because 'counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept . . . , making proving actual damages in these cases extremely difficult if not impossible.'" Tiffany, 282 F. Supp. 2d at 124 (citation omitted).

With respect to the other factors, the undersigned finds that an award of $100,000 will likely serve to deter defendants and others.  While the court has discretion to award up to $100,000 per counterfeit mark per type of goods or services sold,[2] the record reflects that the defendant Calvin Powell is a small business owner who operates the business B & B Clothing Company.  An award of $100,000 for four counterfeit marks is at least commensurate with the value of plaintiff's famous marks and also in line with defendants' "willful sale of unlicensed and counterfeit products" and defendants' persistence in the unlawful sale of counterfeit merchandise "despite prior notice to them in the form of cease and desist letters served upon them or their employees." (Compl. ¶ 12.)  As outlined in plaintiff's motion, defendants have failed to cooperate with plaintiff in its efforts to litigate this matter, including attempts at settlement.  For these reasons, the undersigned finds the requested award of $100,000 is just.[3]

---

[2] Plaintiff seeks $25,000.00 for one infringement of each of the following marks: NIKE, Swoosh Design, composite NIKE and Swoosh Design, and NIKE AIR. (Pl.'s Mot. for Entry of Default Judgment at 15 & Decl. of David W. Simpson ¶¶ 2, 3, 5 & 6.)  Thus, plaintiff could seek an award of $400,000 (i.e., $100,000 for one infringement of each mark).

[3] An award of $100,000 is also reasonable in light of the amount of damages awarded in other similar counterfeit cases.  See Louis Vuitton, 211 F. Supp. 2d at 583-84 (collecting cases).

In addition, plaintiff is entitled to the requested permanent injunctive relief. Title 15 U.S.C. § 1116(a) provides, in relevant part, that "[t]he several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." In recommending entry of default judgment in trademark infringement actions initiated by other plaintiffs, the undersigned previously has endorsed similar, although not identical, requests for injunctive relief. Accordingly, the undersigned will recommend that defendants be:

> (1) prohibited from importing, manufacturing, distributing, advertising, selling, and/or offering for sale any unauthorized product which features any of the Nike trademarks;
>
> (2) prohibited from importing, manufacturing, distributing, advertising, selling, and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers which picture, reproduce copy, or use the likenesses of or bear a confusing similarity to any of the Nike trademarks;
>
> (3) prohibited from engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, defendants' customers, and/or members of the public to believe, the actions of defendants, the products sold by defendants, or defendants themselves are connected with Nike, are sponsored, approved, or licensed by Nike, or are affiliated with Nike;
>
> (4) prohibited from affixing, applying, annexing, or using in connection with the importation, manufacture, distribution, advertising, sale, and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike; and
>
> (5) ordered to deliver for destruction all unauthorized products which feature any of the Nike trademarks, including footwear, and all label, signs, prints, packages, dyes, wrappers, receptacles, and advertisements relating thereto in their possession or under their control bearing any of the Nike trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making the same.

See Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997) (affirming permanent injunction against using "any counterfeit, copy, or colorable imitations of the trademarks of

Plaintiff Levi Strauss & Co. that is likely to cause confusion"); PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177-78 (C.D. Cal. 2002) (granting motion for default judgment and request for a permanent injunction enjoining defendant from using plaintiff's trademarks on counterfeit products).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 13, 2007 motion for entry of default judgment be granted; and

2. Plaintiff's proposed Judgment Pursuant to Entry of Default, as amended on May 18, 2007, be signed by the district judge assigned to this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within five days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/nikeinc2828.mot.defaultjudgment.051807